**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

MARCELO CASTILLO CARRUIDO                 CIVIL ACTION NO. 26-0893

VERSUS                                                          JUDGE S. MAURICE HICKS, JR.

TIM WYATT, ET AL.                                    MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Before the Court is Petitioner Marcelo Castillo Carruido's ("Petitioner") Request for Expedited Ruling or Temporary Restraining Order. See Record Document 11.[1] Petitioner seeks emergency injunctive relief preventing Respondents from removing him to Mexico pending adjudication of his Petition for Writ of Habeas Corpus (Record Document 1). Petitioner contends that Respondents intend to remove him to Mexico within days despite his alleged expression of fear regarding removal to that country and without providing constitutionally sufficient process. See Record Document 11.

Petitioner's request in the instant Motion is one for injunctive relief. An applicant for a Temporary Restraining Order ("TRO") must demonstrate each of the following: (1) a substantial likelihood his cause will succeed on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) the threatened injury outweighs the threatened harm the injunction may do to the opposing party, and (4) granting the injunction will not disserve the public interest. See Misquitta v. Warden Pine Prairie ICE Processing Center, 353 F. Supp. 518, 521 (W.D. La. Nov. 16, 2018) (citing Piedmont Heights Civic Club, Inc. v. Moreland, 637 F.2d 430 (5th Cir. 1981)).

---

[1] The Court notes that Petitioner's Motion (Record Document 11) is deficient because it was not accompanied by a memorandum in support. However, given the exigent circumstances presented and because the Motion itself sufficiently sets forth the factual and legal basis for the requested relief, the Court will consider the Motion.

The decision of whether to grant or deny a TRO lies in the district court's discretion. See Moore v. Brown, 868 F.3d 398, 402 (5th Cir. 2017). Courts should deny such motions more often than not. See Albright v. City of New Orleans, 46 F.Supp.2d 523, 532 (E.D. La. 1999) (explaining that temporary restraining orders are "extraordinary relief and rarely issued."); see also Suburban Propane, L.P. v. D & S GCTX LLC, 2025 WL 2429087, at *2 (W.D. Tex. 2025) (holding that the extraordinary relief under Rule 65 must be "unequivocally show[n]."); see also Anderson v. Jackson, 556 F.3d 351, 355–56 (5th Cir. 2009) ("Only under 'extraordinary circumstances' will this court reverse the denial of a preliminary injunction.").

In this case, Petitioner seeks injunctive relief that mirrors the relief requested in his Habeas Petition, that is, immediate release. In Pema Sherpa v. Judith Almodovar, et al., another judge within this District decided a similarly situated case, stating:

> The Supreme Court, very recently, reminded lower courts that preliminary injunctions are, as their name suggests, preliminary and should "not conclusively resolve legal disputes." Lackey v. Stinnie, 604 U.S. 192, 200 (2025). In other words, they should not be used to rule on the final, merits question.
> Rather, TROs and preliminary injunctions help "preserve the status quo until a trial" or other final disposition is rendered. Id. at 193. That begs the question: what does it mean to preserve the status quo? While the words "status quo" do not appear within Rule 65 . . . , it is implicit in the "irreparable harm" prong. . . . Irreparable harm must also take away "the court's ability to render a meaningful decision on the merits." Canal Auth. of the State of Florida v. Callaway, 489 F.2d 567, 573 (5th Cir. 1974); see also Samuel L. Bray, The Purposes of the Preliminary Injunction, 78 Vand. L. Rev. 809, 823–26 (2025) (concluding the same after probing Founding-era sources). Put differently, "[t]here is always a status quo. There should not be a preliminary injunction to protect it, however, unless the court's ability to render a meaningful decision on the merits would otherwise be in jeopardy." Callaway, 489 F.2d at 573.

No. 3:25-CV-01718 SEC P, 2026 WL 74401, at *2 (W.D. La. Jan. 9, 2026). A ruling on the instant Motion should not resolve the legal disputes in this case. Thus, to the extent

2

Petitioner asks for an order of immediate release from custody, the Court views this request as an improper effort to obtain a ruling on the merits of his Habeas Petition through injunctive relief.  Petitioner's motion for injunctive relief is essentially a motion to decide the habeas petition now.  See Garcia-Aleman v. Thompson, No. SA-25-CV-00886-OLG-HJB, 2025 WL 3769302, at *1 (W.D. Tex. Oct. 30, 2025).

In regard to the request for a stay of removal pending adjudication of the Habeas Petition, this request is denied. A request for stay of removal is a challenge to a removal order.  See Imran v. Harper, No. 25-30370, 2026 WL 93131, at *1 (5th Cir. Jan. 13, 2026), citing In re Asemani, 2025 WL 1823953, at *1 (4th Cir. July 2, 2025) (construing habeas petitioner's request for stay as seeking review of the final removal order).  The Fifth Circuit recently reiterated that "federal courts lack jurisdiction over claims connected directly and immediately with a decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders."  Id., citing Humphries v. Various Fed. USINS Emps., 164 F.3d 936, 943 (5th Cir. 1999) and 8 U.S.C. § 1252(g) (internal quotations omitted).  Thus, this Court is without jurisdiction to grant Petitioner's request for a stay of removal. See id., citing Fabuluje v. Immigration & Naturalization Agency, 244 F.3d 133, 133 (5th Cir. 2000) (unpublished) (holding that district court was without jurisdiction to grant stay of removal under § 1252(g)); Idokogi v. Ashcroft, 66 F. App'x 526, 526 (5th Cir. 2003) (same); see also Westley v. Harper, No. CV 25-229, 2025 WL 592788, at *4 (E.D. La. Feb. 24, 2025).

The Court further finds that expedited consideration of the Habeas Petition is not warranted. The underlying Habeas Petition has been fully briefed and remains pending before the Magistrate Judge for issuance of a Report and Recommendation. Under these

circumstances, the Court finds that the ordinary process of review through the Magistrate Judge's Report and Recommendation procedure is sufficient, and no further expedited action by this Court is necessary at this time.

Accordingly,

**IT IS ORDERED** that Petitioner's Request for Expedited Ruling or Temporary Restraining Order (Record Document 11) is hereby **DENIED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 28th day of May, 2026.

 

_____
JUDGE S. MAURICE HICKS, JR.
UNITED STATES DISTRICT COURT